SILVERMANACAMPORA LLP
Attorneys for the Debtor
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Brian Powers

Hearing Date: December 7, 2017
Time: 11:00 a.m.

Objections Due: November 30, 2017
Time: 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

VISION QUEST LIGHTING, INC. d/b/a,
E-QUEST LIGHTING

                    Debtor.
-------------------------------------------------------------x

Chapter 11

Case No.: 17-73967 (LAS)

## NOTICE OF HEARING ON DEBTOR'S APPLICATION FOR ORDER UNDER BANKRUPTCY CODE §§105, 363, AND 365 AND BANKRUPTCY RULES 6004 AND 6006: (1) AUTHORIZING AND APPROVING TERMS AND CONDITIONS OF SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS BY PUBLIC AUCTION SALE, FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES; (2) APPROVING FORM, TIME AND SCOPE OF NOTICE OF AUCTION; AND (3) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that, on November 10, 2017, Vision Quest Lighting, Inc. d/b/a E-Quest Lighting (the "**Debtor**"), the above-captioned debtor and debtor in possession, filed a motion (the "**Motion**") seeking the entry of an order in accordance with §§105, 363, and 365 of title 11, United States Code (the "**Bankruptcy Code**"), Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006, Local Rule 6004-1: (a) authorizing and approving the terms and conditions for the sale of substantially all of the Debtor's assets, to the bidder(s) tendering the highest or best offer at a public auction sale free and clear of all liens, claims, and encumbrances, with such Liens attaching to the proceeds of the Sale; (b) approving the form, time and scope of notice of the Sale; and (c) granting related relief, and will move before the Honorable Louis A. Scarcella, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Courtroom 760, Central Islip, New York, on **December 7, 2017** at **11:00 a.m.** (the "**Hearing**"), or as soon thereafter as counsel can be heard, concerning the relief sought in the Motion.

**PLEASE TAKE FURTHER NOTICE**, that objections to the Motion, if any, must be (i) filed with the Court electronically in accordance with General Order 559 by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York, with a hard copy delivered directly to the Chambers of the Honorable Louis A. Scarcella, and (ii) served in accordance with General Order 559 or other form upon: (a) attorneys for the Debtor, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York, 11753, Attn: Brian Powers; (b) the Office of the United States Trustee for Region 2, 560 Federal Plaza, Central Islip, New York 11722, Attn: Al Dimino, Esq.; and (c) counsel to Sterling National Bank, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, 475 Park Avenue South, 18th Floor, New York, New York 10016, Attn: Henry G. Swergold, Esq., so as to be filed and received by no later than **November 30, 2017** at **4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than the announcement of such adjournment in open Court, or the filing of a notice of adjournment on the docket of the Debtor's case.

Dated: Jericho, New York
       November 10, 2017

                                    SILVERMANACAMPORA LLP
                                    Attorneys for the Debtor


                                    By: *s/ Ronald J. Friedman*
                                         Ronald J. Friedman
                                         Member of the Firm
                                         100 Jericho Quadrangle, Suite 300
                                         Jericho, New York 11753
                                         (516) 479-6300

SilvermanAcampora LLP
Attorneys for the Debtor
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Brian Powers

Hearing Date: December 7, 2017
Time: 11:00 a.m.

Objections Due: November 30, 2017
Time: 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

VISION QUEST LIGHTING, INC. d/b/a,
E-QUEST LIGHTING

Debtor.
-----------------------------------------------------------x

Chapter 11

Case No.: 17-73967 (LAS)

### DEBTOR'S APPLICATION FOR ORDER UNDER BANKRUPTCY CODE §§105, 363, AND 365 AND BANKRUPTCY RULES 6004 AND 6006: (1) AUTHORIZING AND APPROVING TERMS AND CONDITIONS OF SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS BY PUBLIC AUCTION SALE, FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES; (2) APPROVING FORM, TIME AND SCOPE OF NOTICE OF AUCTION; AND (3) GRANTING RELATED RELIEF

Vision Quest Lighting, Inc. d/b/a E-Quest Lighting (the "**Debtor**") hereby submits this motion (the "**Motion**") seeking the entry of an order in accordance with §§105, 363, and 365 of title 11, United States Code (the "**Bankruptcy Code**"), Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006, Local Rule 6004-1: (a) authorizing and approving the terms and conditions for the sale of substantially all of the Debtor's assets (the "**Assets**"), to the bidder(s) tendering the highest or best offer at a public auction sale (collectively, the "**Sale**") free and clear of all liens, claims, and encumbrances ("**Liens**"), with such Liens attaching to the proceeds of the Sale; (b) approving the form, time and scope of notice of the Sale; and (c) granting related relief; and respectfully represents as follows:

### BACKGROUND

1.      On June 28, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**") in this Court.

2.      The Debtor's primary business is the design and manufacture of custom light

fixtures. Its light fixtures are prominently displayed in such locations as Universal Studios Orlando, Revel Hotel & Casino, and numerous other commercial properties. The Debtor operates from its sole location at 90 13th Avenue, Unit 1, Ronkonkoma, New York (the "**Property**"). All of the Debtor's assets are located at the Property, which houses both the Debtor's offices and manufacturing center.

3. Additional information about the Debtor's businesses and events leading up to the Petition Date can be found in the "Declaration of Lawrence Lieberman Under Local Rules 1007-4 in Connection with Chapter 11 Filing, and Local Rule 9077-1 in Support of Certain 'First Day' Motions" (ECF Doc. No. 12).

4. The Debtor is authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor-in-possession under Bankruptcy Code §§ 1107 and 1108.

5. To date, no committee, trustee, or examiner has been appointed in this case.

## JURISDICTION AND STATUTORY PREDICATE

6. This Court has jurisdiction to hear this motion under 28 U.S.C. §§157(a) and 1334, and the Order of Reference of the United Stated District Court for the Eastern District of New York, dated December 5, 2012 (Amon, C.J.). This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicate for the relief sought herein is 11 U.S.C. §§105, 363(b) and (f), and 365(a), (b), and (f), and Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006.

7. The statutory predicates for the relief requested herein are Bankruptcy Code §§105, 363, and 365, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-2.

## THE RELIEF SOUGHT

8. By this Motion, the Debtor seeks entry of: (i) an order, substantially in the form annexed hereto as **Exhibit A**, (a) approving certain bidding procedures for, and notice of the

Sale and the Terms and Conditions of Sale ("**Sales Procedures**") (a copy of the proposed Sales Procedures is annexed hereto as **Exhibit B**); (b) establishing a procedure for conducting the Sale process; (c) approving the form, time and scope of notice of the Sale, and (d) granting related relief.

## THE PROPOSED AUCTION PROCEDURES

9.  The Debtor proposes to conduct the Sale on December 19, 2017, beginning at 11:00 a.m., as an online and in person auction sale. The Assets shall be offered for inspection by appointment at reasonable times, requested by an interested party to the Auctioneer, which will make such arrangements.

10. The Assets may be offered for sale in bulk or will be sold in individual lots with varying opening bids depending on the individual asset(s) being sold. Bidders will be required to place a minimum deposit (the "**Deposit**") in cash or certified funds at the time of knockdown,[1] which Deposit will be determined based upon the individual items in such lot. Payments of the balance of the purchase price shall be made in cash, certified funds, or wire transfer, and are required to be paid in full within two (2) business days of the end of the Auction (the "**Payment Deadline**"). Removal of all items will be conducted immediately after the Auction (assuming payment has been received in full), excluding Saturday and Sunday, and must be completed by no later than five (5) business days after the Auction (the "**Removal Deadline**"). Removal will be during the hours of 9:00 a.m. and 5:00 p.m. Bidders will not be authorized to remove any items until full payment is received by the Debtor or the Auctioneer (defined below). If full payment is not received by the Payment Deadline, the Deposit will be forfeited by the bidder.

11. A copy of the full proposed Sales Procedures, which include, but are not limited to, the above terms, are annexed hereto as Exhibit B, and will be available to potential bidders by contacting the Auctioneer or by visiting the Auctioneer's website.

---

[1] Knockdown shall mean for the purposes of this Motion, when the Auctioneer declares the bidding closed and the sale final for any such item being auctioned off at the time.

The Debtor's Marketing Efforts

12.     During this chapter 11 case, the Debtor intends, subject to Court approval, to retain an auctioneer (the "**Auctioneer**") to market and sell the Assets.

13.     The Debtor, through the Auctioneer, will market the Assets, and sell the assets through a public auction sale. The marketing efforts will include, but not necessarily be limited to: (i) listing the sale of the Assets on the Auctioneer's website; (ii) inclusion of sale information concerning the Assets in e-mails to the Auctioneer's proprietary lists; and (iii) other advertisements, if determined by the Debtor, after consultation with the Auctioneer, to be appropriate.

14.     The Debtor's obligation to pay a fee to the Auctioneer shall be the subject of a separate application to be heard by the Court upon appropriate notice.

15.     Based on the foregoing and after consultation with its professionals, the Debtor has determined in its business judgment that the Sale of the Assets through a public auction under Bankruptcy Code §363, free and clear of all Liens, to the highest or best offer(s) obtained after a reasonable marketing effort, is in the best interests of the Debtor's estate and creditors, and would provide the most effective and efficient mechanism for maximizing the value of the Assets.

## STATUTORY PREDICATE FOR RELIEF REQUESTED

Authority to Sell the Assets

16.     Bankruptcy Code §363 generally governs a debtor or trustee's sale of assets, including both real and personal property, outside of the ordinary course of business.[2] Here, the

---

[2] Bankruptcy Code §363 provides, in relevant part, as follows:

> (b) (1) The Debtor, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. §363(b)(1).

Debtor believes that it is prudent to obtain a prior Court order authorizing the Sale Procedures to provide assurances to all potential buyers regarding the Sale process and the Debtor's authority to sell the Assets.

17.     Moreover, the Debtor seeks to sell the Assets free and clear of Liens. The Debtor also seeks approval of specific Sales Procedures so that parties-in-interest can be heard in advance of the Sale and the undertaking of the proposed marketing efforts.

**Sale of the Property "As Is-Where Is" and Free and Clear of Liens**

18.     Bankruptcy Code §363 permits the sale of assets to be free and clear of liens, claims and interests of an entity in such property if:

> (a) applicable state law will permit the sale;
> (b) such entity consents;
> (c) the price at which the property is being sold exceeds the liens, claims and interests;
> (d) the security interest in the assets is disputed; or
> (e) the entity with an interest in the asset being sold could be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest in and to the property.

See 11 U.S.C. §363(f).

19.     The Debtor believes that the requirements of Bankruptcy Code §363(f) are satisfied because the proceeds of the Sale will be higher than the aggregate amount of all liens, claims, and interests in the Assets and/or all secured creditors will have consented to the Sale.

20.     The Debtor is also seeking to sell the Assets "As Is" "Where Is" without any representations or warranties of any kind.

**Assignment of Contracts and Leases**

21.     Bankruptcy Code §365 states in relevant part that ". . . the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. §365(a). The ability to assume or reject an unexpired contract or lease allows a

---

Although Bankruptcy Code §363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, the Second Circuit, in applying this section, has required that it be based upon sound business judgment. See e.g. Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983).

debtor to examine its unexpired contracts and leases and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject. *See, e.g., Orion Pictures Corporation v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d. Cir. 1993). This decision involves a debtor's "business judgment," which, in essence, determines whether "[assuming] the contract would be a good business decision or a bad one." *Id.* at 1099.

22. The Debtor requests that, in conjunction with the Sale, it be permitted to assign to the successful purchaser(s) any and all executory contracts and unexpired leases relating to the Assets. Without the assignment of attendant contracts and leases, the Debtor submits that the value of certain of the Assets, including certain equipment which requires computer software licenses to function, would be substantially diminished. Accordingly, the Debtor, in its business judgment, seeks authority to assume and assign any and all executory contracts and unexpired leases relating to the Assets to the successful purchaser(s) at the Sale.

23. Based upon the foregoing, the Debtor submits that the Sale of the Assets, as outlined herein, to the person or entity making the highest or best offer for the Assets, is and will be an exercise of sound business judgment, is in the best interests of the Debtor's estate, and its creditors, and should be approved in all respects.

## WAIVER OF 14-DAY STAY UNDER RULES 6004(h)

24. Bankruptcy Rule 6004(h), provides that, unless the court orders otherwise, all orders authorizing the sale of property pursuant to Bankruptcy Code section 363 are automatically stayed for fourteen (14) days (the "**14-Day Stay**") after entry of the order. Fed. R. Bankr. P. 6004(h). The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal to the entry of an order authorizing a sale of property before the terms of the order may be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h).

25. Given the circumstances of this case, the administrative costs for maintaining the Assets at the Premises (including use and occupancy and monthly payments with respect to the

Debtor's equipment), and the need to swiftly transfer ownership of the Assets to any such successful bidder,[3] the Debtor requests that any order approving the sale of the Assets should be effective immediately by providing that the 14-Day Stay is waived.

### NOTICE PROCEDURES

26. In addition to the Auctioneer's marketing and advertising efforts, the Debtor is providing additional, separate service of this Motion and accompanying documents. The Debtor has served a Notice of Hearing, this Motion, and all Exhibits attached hereto, upon: (i) the United States Trustee; (ii) all creditors listed on the Debtor's bankruptcy petition or that have filed proofs of claim in the Debtor's case; (iii) all parties with an interest in the Assets; and (iv) all parties having requested notices in the Debtor's case. The Debtor respectfully represents that service in the aforementioned manner is sufficient under these circumstances to notice the Sale and Sales Procedures.

### CONCLUSION

27. No previous application for the relief requested in this Motion has been made to this or any other Court.

---

[3] The Debtor anticipates that a successful bidder may fully pay for any such item at the Auction and be in a position to remove such item the day of the Auction, which would eliminate the need to coordinate removal on a separate day and the administrative undertaking relating thereto. Additionally, the auction procedures provided for in this Motion, subject to this Court's approval, provide for the complete removal of the sold Assets by any such successful bidder(s) by no later than five (5) business days after the conclusion of the Auction, which may fall within the 14-Day Stay period.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit A, (a) approving the Sales Procedures; (b) establishing a procedure for conducting the Sale process; (c) approving the form, time and scope of notice of the Sale, and (d) granting related relief.

Dated: Jericho, New York
November 10, 2017

SILVERMANACAMPORA LLP
Attorneys for the Debtor

By: *s/ Ronald J. Friedman*
Ronald J. Friedman
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300